# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ERVIN MIDDLETON, | ) |
| Plaintiff, | ) Case No. 2:16-cv-01217-APG-GWF |
| vs. | ) **ORDER** |
| PARRISH SNEAD FRANKLIN SIMPSON, PLC, *et al.*, | ) |
| Defendants. | ) |

This matter is before the Court on the parties' Stipulation and Order to Stay Discovery (ECF No. 24), filed on November 16, 2016.

The parties request a stay pending rulings on Defendants Parrish, Snead, Franklin, Simpson, PLC, Jennifer Lee Parrish ("Parrish"), Christian B. Franklin ("Franklin"), Paul A. Simpson ("Simpson"), and Melinda J. LeBeau's ("LeBeau") Motion to Dismiss, or in the alternative, Motion for More Definite Statement (ECF No. 5), Defendant England Run Community Association's ("England Run") Motion to Dismiss for Lack of Personal Jurisdiction (ECF No. 7), and Motion to Dismiss for Improper Venue (ECF No. 8). Plaintiff failed to file a response to Defendants Parrish, Snead, Franklin, Simpson, PLC, Parrish, Franklin, Simpson, and LeBeau's Motion to Dismiss and the time for response has since expired. Plaintiff filed his opposition (ECF No. 13) to Defendant England Run's Motion to Dismiss for Lack of Personal Jurisdiction and his opposition (ECF No. 14) to England Run's Motion to Dismiss for Improper Venue on June 24, 2016.

The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending. See *Skellerup Indus. Ltd. V. City of L.A.*, 163 F.R.D. 598, 600-1 (C.D. Cal. 1995). Ordinarily, a dispositive motion does not warrant a stay of discovery. *See Twin City Fire Insurance v. Employers of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989). *See also Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev.

1997).  The moving party carries the heavy burden of making a strong showing of why discovery should be denied.  *Kor Media Group, LLC v. Green*, 294 F .R.D. 579, 581 (D. Nev. 2013).  Courts have broad discretionary power to control discovery.  See *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir.1988).

The Court may grant a motion to stay discovery when "(1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the potentially dispositive motion and is convinced that the plaintiff will be unable to state a claim for relief."  *Kor Media Group*, 294 F.R.D. at 581.  Common examples of when a stay is warranted are cases involving jurisdiction, venue, or immunity as preliminary issues.  *Twin City Fire Ins. Co.*, 124 F.R.D. at 653.  Furthermore, a stay of discovery might be appropriate where the complaint was utterly frivolous, or filed merely for settlement value.  4 J. Moore, *Federal Practice* § 26.70[2], at 461.

After conducting its "preliminary peek" of Defendants Parrish, Snead, Franklin, Simpson, PLC, Parrish, Franklin, Simpson, and LeBeau's Motion to Dismiss for failure to state a claim (ECF No. 5), Defendant England Run's Motion to Dismiss for Lack of Personal Jurisdiction (ECF No. 7), and Motion to Dismiss for Improper Venue (ECF No. 8), the Court finds that a stay of discovery is warranted.  First, the pending Motions to Dismiss, if granted, may resolve all the issues raised in Plaintiffs' complaint.  Second, the Court agrees that the Motions to Dismiss can be decided without additional discovery.  Finally, the Court is convinced that Plaintiff will be unable to state a claim for relief against Defendants Parrish, Snead, Franklin, Simpson, PLC, Parrish, Franklin, Simpson, and LeBeau.  There is also a substantial likelihood that Defendant England Run's Motions to Dismiss will be granted.  Accordingly,

**IT IS HEREBY ORDERED** the parties' Stipulation and Order to Stay Discovery (ECF No. 24) is **granted**.

DATED this 18th day of November, 2016.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge