UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ERVIN MIDDLETON,<br><br>　　　　Plaintiff,<br><br>v.<br><br>PARRISH SNEAD FRANKLIN SIMPSON, PLC; ENGLAND RUN COMMUNITY ASSOCIATION, INC.; JENNIFER LEE PARRISH; CHRISTIAN B. FRANKLIN; PAUL A. SIMPSON; GEORGE P. SNEAD; MELINDA J. LeBEAU and DOES 1-25,<br><br>　　　　Defendants. | Case No. 2:16-cv-01217-APG-GWF<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND DENYING PLAINTIFF'S MOTION FOR DECLARATORY JUDGMENT**<br><br>(ECF Nos. 5, 7, 8, 26) |

　　　　The defendant law firm, Parish Snead Franklin Simpson, PLC, was hired by a homeowner's association in Virginia to collect outstanding fees that plaintiff Ervin Middleton allegedly owed it for his Virginia home. The firm sent emails to Middleton and called him, asking him to pay the debt. Middleton, who now lives in Nevada, brought this case claiming that the firm's communications violated the Fair Debt Collection Practices Act ("FDCPA"), the Telephone Consumer Protection Act ("TCPA"), and Nevada law requiring debt collection companies to register with the state. He sued the homeowner's association (The Meadows at England Run), the law firm, and several of the firm's attorneys.

　　　　The defendants move to dismiss, arguing that Middleton's complaint is devoid of any specific facts that might make any of his claims plausible. The homeowner's association additionally argues that it should be dismissed because this court has no personal jurisdiction over it because it has never had any contact with Nevada.

　　　　I grant the defendants' motions to dismiss. The complaint provides no specific allegations to support a claim against the law firm's attorneys, there are no allegations suggesting that the homeowner's association had any contact with Nevada that might justify personal jurisdiction

here, and as to the law firm the complaint fails to allege enough specific facts to make any of Middleton's claims plausible.

## I. BACKGROUND

Middleton's complaint includes only a handful of allegations.[1] He received a letter about a debt he owed from a defendant (he does not specify which).[2] Middleton faxed this single defendant back, asking for verification of the debt.[3] This mystery defendant then sent Middleton two additional letters, two emails, and called him four times.[4]

Middleton's complaint alleges three claims against all of the defendants: (1) violation of the FDCPA by making false statements, using deception, failing to inform Middleton of his rights, and continuing to contact Middleton after he had disputed the debt; (2) violation of the TCPA by calling him with an "automatic telephone dialing system" despite that his number is on a "Do Not Call" list; and (3) consumer fraud because defendants attempted to collect a debt in Nevada without first registering as a debt collector with the state.[5] Middleton does not allege that any of the defendants resides in Nevada or have had any contacts with Nevada. He also does not specify which defendants committed the underlying acts for each of this three claims, simply referring to the defendants collectively as "Defendant."[6]

## II. ANALYSIS

**A. Legal standard for motions to dismiss.**

A properly pleaded complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief."[7] While Rule 8 does not require detailed factual

---

[1] The following facts are taking from Middleton's complaint, and I assume they are true for purposes of ruling on the defendants' motions.

[2] ECF No. 1 at 18.

[3] Id.

[4] Id. at 18-20.

[5] Id. at 17-21.

[6] Id.

[7] Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."[8] "Factual allegations must be enough to rise above the speculative level."[9] Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face."[10] The Ninth Circuit explained these standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011):

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.[11]

Even though a pro se litigant's complaint is held "to less stringent standards than formal pleadings drafted by lawyers,"[12] it nevertheless must comply with these rules.[13]

**B. All of Middleton's claims fail because he did not give each defendant fair notice of the factual allegations against them and because he otherwise fails to provide sufficient facts to support any of his claims.**

A plaintiff cannot simply offer broad allegations against all of the defendants lumped together, but instead must give each defendant fair notice of the factual allegations asserted against them individually.[14] Middleton does not specify which defendant sent him letters or

---

[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

[9] *Twombly*, 550 U.S. at 555.

[10] *Iqbal*, 556 U.S. at 678 (internal citation omitted).

[11] *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) (emphasis added).

[12] *Hanines v. Kerner*, 404 U.S. 519, 520 (1972).

[13] *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir.1986).

[14] *Starr*, 652 F.3d at 1216; *Atuahene v. City of Hartford*, 10 Fed. App'x. 33, 34 (2d Cir. 2001) (noting that a plaintiff cannot satisfy the pleading standard by "lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct").

called him, and he does not otherwise provide any factual allegations from which the defendants could divine what each of them is alleged to have done to be liable for Middleton's claims. This is enough reason to dismiss the complaint.

But even if it had specified what each defendant did, the complaint does not contain enough allegations to make any of his claims plausible. First, there are no allegations to support Middleton's FDCPA claims. No specific facts are pleaded to suggest that any of the defendants is a "debt collector" as the FDCPA requires.[15] Nor are there enough allegations establishing that the defendants were attempting to collect on the sort of consumer debt that falls within the FDCPA.[16] There are also insufficient supporting facts to make plausible Middleton's claims that any of the defendants violated the FDCPA by committing fraud, using deception, or failing to disclose information to him.[17]

Second, as to the TCPA claims, Middleton does not allege any specific facts that allow me to plausibly infer that any of the defendants used an automatic dialer, a required element of a claim under this statute.[18] Middleton also fails to provide any specific facts about what defendants said, or failed to say, in their calls that might violate the TCPA.[19] Middleton's allegations also appear to fall squarely under the TCPA's exceptions for calls made between those

---

[15] **Error! Main Document Only.**To proceed with his claim under the FDCPA, Middleton must adequately allege specific facts to show that each defendant is a "debt collector" under that act. *Schlegel v. Wells Fargo Bank, NA*, 720 F.3d 1204, 1208–09 (9th Cir. 2013); *see also Mannello v. Residential Credit Sols., Inc.*, 2016 WL 94236, at *5 (C.D. Cal. Jan. 7, 2016) ("[D]efendant correctly notes that the FAC 'does not plead one single underlying fact to support a plausible inference that RCS' principal business purpose is to collect debts.'").

[16] 15 U.S.C. § 1692a(5) defines debt as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money . . . which [is] the subject of the transaction [is related] primarily [to] personal, family, or household purposes. . . ."

[17] Again, Middleton simply states that the defendants committed fraud or used deception; there are no specific facts supporting these allegations. *See* ECF No. 1 at 18-20.

[18] *Hensarling v. Wells Fargo Bank, N.A.*, 2016 WL 775950, at *4 (E.D. Cal. Feb. 29, 2016) ("[P]laintiffs' First Amended Complaint does not allege facts that allow this court to draw reasonable inference regarding defendant's use of an ATDS."). Middleton conclusorily alleged that the defendants "used an automatic telephone dialing system," which is not enough. *Id.*

[19] ECF No. 1 at 20-21.

who have a business relationship or calls made for a commercial purpose other than unsolicited advertisements.[20]

Finally, Middleton fails to allege any facts to support his Nevada claims. Middleton seems to claim that the defendants committed consumer fraud against him by operating as debt collectors in Nevada without properly registering in this state. To sustain a cause of action for consumer fraud, Middleton must show that "(1) an act of consumer fraud by the defendant (2) caused (3) damage to [him]."[21] Middleton fails to offer any specific facts plausibly suggesting that defendants are even operating as debt collectors in this state so that they need to register.[22] Finally, Middleton has not alleged any specific damages caused by the defendants' alleged failure to register.[23]

Because Middleton has failed to allege sufficient facts to support any of his claims, his complaint must be dismissed.

**C. I dismiss the claims against the homeowner's association with prejudice, but I dismiss the claims against the law firm and individual defendants without prejudice.**

---

[20] *Martinez v. Johnson*, 2013 WL 1031363, at *14 (D. Utah Mar. 14, 2013); *Blair v. CBE Grp. Inc.*, 2013 WL 2029155, at *3 (S.D. Cal. May 13, 2013).

[21] Nev. Rev. Stat. § 41.600(1); *Picus v. Wal–Mart Stores, Inc.,* 256 F.R.D. 651, 658 (D. Nev. 2009).

[22] At bottom, Middleton is arguing that by sending him a letter from Virginia about the fees he allegedly owes related to his Virginia home, the defendants are effectively operating a debt collection business in Nevada that requires they register here. But there are no allegations suggesting that any of the defendants are "in the business" of collecting debts for others within the state of Nevada. *See* Nev. Rev. Stat. 649.075.

[23] *Goldberg v. Cent. Credit Mgmt., Inc.*, 2012 WL 6042194, at *4 (D. Nev. Dec. 3, 2012) (dismissing claim that the defendant had failed to obtain licenses because the plaintiff had not adequately alleged any specific facts supporting damages).

"[L]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect," particularly if the plaintiff has not already been given a chance to amend.[24] That said, "futile amendments should not be permitted."[25]

The individual defendants do not dispute that they could be liable under the FDCPA and TCPA if they were personally involved in communicating with Middleton (assuming that those communications in fact violated those statutes).[26] And the law firm does not dispute that Middleton could allege plausible TCPA and FDCPA claims against it if sufficient facts exist.[27] I thus dismiss the FDCPA and TCPA claims against the individual defendants and the law firm without prejudice.

As to Middleton's claim against the defendants for failing to register as a debt collector in Nevada, I dismiss without prejudice. There is no indication that defendants are operating a debt collection business in Nevada that would require them to register here and there is no indication that defendants' failure to register could have damaged Middleton. However, Middleton could, in theory, allege sufficient facts to support such a claim. Thus, I will give Middleton a final chance to amend his complaint to allege this claim if sufficient facts exist.

Finally, I dismiss with prejudice all claims against the homeowner's association. Middleton had the burden of establishing that this court has personal jurisdiction over the defendants, including the homeowner's association.[28] This required Middleton to allege specific facts about the association's contacts with Nevada that might justify forcing it to defend a lawsuit here.[29]

---

[24] *Balisteria v. Pacifica Police Dept.*, 901 F.2d 696, 701 (9th Cir. 1990).

[25] *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 188 (9th Cir. 1987) (quotations omitted).

[26] ECF No. 5 at 5-6.

[27] *Id.*

[28] I do not address whether I have personal jurisdiction over the other defendants because they have not made that argument.

[29] *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004).

1    There are no allegations in the complaint even remotely suggesting that this Virginia association had any contact whatsoever with Nevada. Middleton does not dispute that the association itself never contacted him in Nevada.[30] Middleton's only argument about personal jurisdiction is that the association is "liable for behavior of its agents."[31] But whether the association is liable or not does not establish that the association has had enough contacts with Nevada to create personal jurisdiction here.[32]

I will grant Middleton leave once to file an amended complaint as to those claims I dismiss without prejudice. But he is cautioned that if his complaint does not contain specific facts making each element of his claims plausible, I will dismiss them with prejudice. "[T]hreadbare" factual allegations, or "legal conclusion[s] couched as a factual allegation" will not suffice.[33] The Ninth Circuit has repeatedly explained that it looks only to "specific factual allegations" when evaluating motions to dismiss[34] and that "bare assertions" must be supported by specific "facts that would support these conclusory allegations."[35] And these specific facts must also fairly apprise each individual defendant of the specific factual allegations made against them.[36]

---

[30] ECF No. 13 at 1-6.

[31] *Id.* at 1.

[32] Middleton also refers to the Full Faith and Credit clause of the U.S. Constitution, but he fails to explain how that clause impacts personal jurisdiction (or anything else in this case). *See* ECF No. 13 at 5.

[33] *Iqbal*, 556 U.S. at 686.

[34] *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 970 (9th Cir. 2009).

[35] *Williams v. Harrington*, 511 F. App'x 669 (9th Cir. 2013); *see also Blantz v. California Dep't of Corr. & Rehab., Div. of Corr. Health Care Servs.*, 727 F.3d 917, 926–27 (9th Cir. 2013) (simply alleging "[o]n information and belief" that an act was carried out "at the direction of defendants" was a "[c]onclusory allegation" and thus "insufficient").

[36] Middleton also filed a motion for "declaratory judgment." ECF No. 26. This motion is defective for many reasons, including that it is not supported by facts, it is based on invalid legal theories like "notarial protest," and because it is now moot given that I am dismissing his complaint. *Id.*

### III. CONCLUSION

IT IS THEREFORE ORDERED that the defendants' motions to dismiss **(ECF Nos. 5, 7, 8) are GRANTED as more fully explained above**. The claims against England Run Community Association, Inc. are dismissed with prejudice. The claims against the other defendants are dismissed without prejudice. If Middleton wishes to pursue these claims in this case and can cure the defects identified in this order, he may file an amended complaint within 21 days of entry of this order. Otherwise, this case will be closed.

IT IS FURTHER ORDERED that the plaintiff's motion for declaratory judgment (**ECF No. 26) is DENIED**.

DATED this 27th day of February, 2017.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE